IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK G. INGRAM,

        Plaintiff,        Civil No. 07-500-TC

        v.        FINDINGS AND RECOMMENDATION

CORRECTION OFFICER DAVIS,

        Defendant.

COFFIN, Magistrate Judge.

Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging "sexual harassment" while he was incarcerated in the Snake River Correctional Institution. By Order (#4) entered May 2, 2007, plaintiff's complaint was dismissed for failure to state a claim. Plaintiff was allowed 30 days to file an

1 - FINDINGS AND RECOMMENDATION

amended complaint curing the deficiencies explained in the court's order. The court's Order was returned as "undeliverable" on May 14, 2007. Plaintiff filed a notice of change of address on May 7, 2007. Court records do not indicate whether the order was re-sent to plaintiff's new address. Plaintiff filed an Amended Complaint (#8) on May 17, 2007. Plaintiff's amended complaint failed to state a claim for the same reasons set forth in the court's Order(#4).

Because it was not clear whether plaintiff had received the court's order advising him of the deficiencies of the complaint, by Order (#10) entered January 9, 2008 the Clerk of the Court was directed to send a copy of the court's Order (#4) to plaintiff's address of record. Plaintiff was allowed 30 days from the date of the January 9, 2008, Order (#10) to file an amended complaint curing the deficiencies set forth in the court's Order (#4) and advised that failure to file an amended complaint consistent with the terms of the order would result in the dismissal of this action.

Plaintiff has not filed an amended complaint or requested an extension of time in which to do so.

Accordingly, this action should be dismissed for the reasons set forth in the court's Order (#4) [attached hereto]

2 - FINDINGS AND RECOMMENDATION

and for failure to prosecute.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 20 day of February, 2008.

_____
Thomas M. Coffin
United States Magistrate Judge

3 - FINDINGS AND RECOMMENDATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| FRANK G. INGRAM, | ) | |
| | ) | Civil No. 007-500-TC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTION OFFICER DAVIS, | ) | ORDER TO PROCEED |
| | ) | IN FORMA PAUPERIS |
| Defendants. | ) | AND TO DISMISS |
| | ) | |

COFFIN, Magistrate Judge.

Plaintiff's Application to proceed in forma pauperis (#3) is allowed. However, the Clerk of the Court shall not issue process until further order of the court.

Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging "sexual harassment" while he was incarcerated in the Snake River Correctional Institution. Specifically, plaintiff alleges that on

1 - ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS -

April 5, 2005, defendant gave him a "direct order stating 'Ingram I want you to clean my office and sanitize the bathroom and give me a blow job.'" Complaint (#1) p. 3. Plaintiff further alleges: "At breakfast I reported the incident and was to the Three side now I had been place at risk because of my minimum status." (sic) Id.

The Constitution does not recognize and impose liability for ordinary trash talk. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (vulgarity and verbal harassment not actionable); Guat v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)("It trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong.") see also, Hopson v. Fredricksen, 961 F.2d 1374, 1378 (8th Cir. 1992) (racial slur and accompanying threat of violence not actionable).

Accordingly, plaintiff's allegation that defendant made a vulgar remark fails to state a claim cognizable under 42 U.S.C. § 1983.

Plaintiff may be attempting to allege a claim that he was alleges that he transferred or sanctioned in retaliation for reporting the alleged incident.

A properly pleaded complaint which alleges retaliation for

2 - ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS -

D

the exercise of a constitutional right may state a cause of action under 42 U.S.C. § 1983. Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274 (1977). However, certain minimal pleading requirements are necessary when retaliation claims are raised and court require that retaliation be alleged in a way that suggests at least a facial plausibility. Flaherty v. Couglin, 713 F.2d 10, 13 (2nd Cir. 1983). Complaints that allege a chronology of events from which retaliation may be inferred have been found sufficient to state a claim. See, e.g., McDonald v. Hall, 610 F.2d 16, 18, (1st Cir. 1979). Conversely, alleging merely the ultimate fact of retaliation is insufficient. Benson v. Cady, 716 F.2d 335, 342 (7th Cir. 1985).

The nature of a retaliation claim requires that it be "regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Pleading requirements function as substantive limitations on such claims. Id. The Ninth Circuit has agreed with the proposition that a bare allegation of arbitrary retaliation is insufficient to avoid dismissal. Rizzo v. Dawson, 778 F.2d 527, 523 n. 4 (9th Cir. 1985).

3 - ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS -

D

Plaintiff's allegations in this case do not meet the minimal pleading requirements discussed above.

The court is mindful of the requirement to liberally construe the allegations of a pro se plaintiff and to afford the plaintiff the benefit of any doubt. Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991). However, regardless of how liberally the complaint in this case is construed, I find for the reasons discussed above that it fails to state a claim cognizable under 42 U.S.C. § 1983.

Plaintiff's complaint (#1) is dismissed for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint consistent with the terms of this order shall result in the dismissal of this proceeding, with prejudice.

DATED this 2 day of May, 2007.

Thomas M. Coffin
United States Magistrate Judge

4 - ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS -